IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| MICHAEL DAVID REEVES, | § | |
| --- | --- | --- |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | Civil No. 4:17-CV-268-O |
| | § | (No. 4:16-CR-0165-O-(01)) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Michael David Reeves ("Movant") filed a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. Because it plainly appears that Movant is not entitled to relief on his Section 2255 motion, the Court concludes that the motion (ECF No. 1) should be summarily dismissed. *See* Rule 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

## Applicable Background

Movant pleaded guilty to possession with intent to distribute methamphetamine. *See United States v. Reeves*, No. 4:16-cr-00165-O-1 (N.D. Tex. Oct. 25, 2016), ECF No. 26. In calculating his sentencing range, Movant's Presentence Report ("PSR") recommended that the Court consider his possession and sale of methamphetamine from at least February 2012 through his arrest in 2016, and so hold Movant accountable for distributing 309 grams of methamphetamine, in addition to the methamphetamine he distributed during the instant offense. *See United States v. Reeves*, No. 4:16-cr-00165-O-1 (N.D. Tex. Oct. 25, 2016), ECF No. 13 at 5-9. Using that calculation of Movant's prior drug sales, his base offense level was set at 30. *See United States v. Reeves*, No. 4:16-cr-

00165-O-1 (N.D. Tex. Oct. 25, 2016), ECF No. 13 at 10. The PSR also set Movant's criminal history score at three because of his 2004 Texas conviction for possession or transportation with intent to manufacture a controlled substance. *See United States v. Reeves*, No. 4:16-cr-00165-O-1 (N.D. Tex. Oct. 25, 2016), ECF No. 13 at 11. In all, Movant's PSR calculated his guideline sentence as 97 to 121 months in prison. The Court adopted the PSR's calculations and sentenced Movant to 97 months in prison with three years of supervised release. *See United States v. Reeves*, No. 4:16-cr-00165-O-1 (N.D. Tex. Oct. 25, 2016), ECF No. 26. He did not appeal.

He now seeks post-conviction relief. In his Section 2255 motion, Movant argues that the Court erred in calculating his sentence under the United States Sentencing Guidelines ("U.S.S.G.") by: (1) measuring his relevant conduct to include his sales of methamphetamine before 2016; and (2) using his prior Texas drug conviction to increase his guideline range in violation of *Mathis v. United States*, 136 S. Ct. 2243 (2016); *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017); and *United States v. Hinkle*, 832 F.3d 567 (5th Cir. 2016).

**Discussion**

Movant first claims that the Court misapplied the U.S.S.G. by over-representing his relevant conduct–namely, his prior methamphetamine sales–under U.S.S.G. § 1B1.3. *See* ECF No. 1 at 16 (arguing that the Court erred in holding Movant responsible for past sales of methamphetamine because he was in jail from 2008 through 2010 and all of the evidence of those sales came from informants who were not credible). However, Movant "may not raise this issue in a collateral attack." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed," and "[m]isapplications of the

Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." *Id.* (citation omitted). Because it is well settled that "'an attempt to challenge the court's sentencing calculations is not a basis for a section 2255 proceeding,'" *Wright v. United States*, 3:16-cv-610-K, 2016 WL 949747, at *2 (N.D. Tex. Mar. 13, 2016) (quoting *Momin v. United States*, Nos. 3:07-cv-889-L & 3:04-cr-289-H, 2008 WL 1971390, at *1) (N.D. Tex. Apr. 30, 2008), Movant's first claim is not cognizable here.

Movant next claims that the Court erred in using his prior Texas drug conviction to increase his guideline sentence in light of *Mathis*, *Tanksley,* and *Hinkle*. That claim is also a head-on attack of the Court's application of the U.S.S.G. and is likewise not cognizable here. *See, e.g.*, *Fisher v. United States*, No. 4:17-cv-50, 2017 WL 3781855, at *2 (E.D. Tex. July 13, 2017), *rec. adopted* 2017 WL 3725295 (E.D. Tex. Aug. 28, 2017) ("[R]elief is unavailable under § 2255 based on *Mathis*, *Hinkle*, and *Tanksley*" because "the technical application of the Sentencing Guidelines does not raise an issue of constitutional dimension for purposes of § 2255 proceedings.").

Moreover, even if Movant could state a Section 2255 claim under *Mathis*, *Tanksley*, or *Hinkle*, his reliance on those cases is misplaced. *Mathis*, *Tanksley*, and *Hinkle* involve the enhancement of a defendant's sentence as a career offender under either the Armed Career Criminal Act or the U.S.S.G. But Movant was not charged, convicted, or sentenced as a career offender. Rather, his prior Texas conviction was used only to calculate his criminal history score. *See United States v. Reeves*, No. 4:16-cr-00165-O-1 (N.D. Tex. Oct. 25, 2016), ECF No. 13 at 11. So, neither *Mathis*, *Tanksley*, nor *Hinkle* have any application here. *See, e.g., Mendieta v. United States*, No. A-14-cr-192 (1)-SS, 2017 WL 3401520, at *2 (W.D. Tex. Aug. 8, 2017). For these reasons, Movant's Section 2255 motion is meritless.

**Evidentiary Hearing**

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In this instance, the matters reviewed by the Court conclusively show that Movant is entitled to no relief.

**Certificate of Appealability**

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability. Movant has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 48 (2000).

In the event that Movant elects to file a notice of appeal, the Court notes that he will need to pay the appellate filing fee or submit a motion to proceed *in forma pauperis*.

**Conclusion**

This Section 2255 action is **DISMISSED** with prejudice as meritless.

**SO ORDERED** this **4th day** of **December, 2017**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE